AO 106 (Rev. 04/10) Application for a Search Warrant (USAO CDCA Rev. 01/2013)

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>a CD-R80 labeled, in part, AOL SW.FBI.151677,<br>PL.UAT.150307 | )<br>)<br>)<br>)<br>) |

Case No.   **14 - 1107M**

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A-2

located in the _____ Central _____ District of _____ California _____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B-2

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 1029(a)(1)-(5) (access device fraud), 1028A (aggravated identity theft), 1343 (wire fraud), 1030 (computer intrusion), and 371 (conspiracy) occurring after July 7, 2012 | See attached Affidavit |

The application is based on these facts:

See attached Affidavit

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

FILED
CLERK, U.S. DISTRICT COURT
JUN - 4 2014
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

_____
*Applicant's signature*

**Special Agent Mark Burnett - FBI**
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 6·4-14

City and state:  Los Angeles, California

ANDREW J. WISTRICH
U.S. MAGISTRATE JUDGE
*Judge's signature*

Honorable Andrew J. Wistrich
*Printed name and title*

AUSA: Ryan White (x2296)

## ATTACHMENT A2

### PROPERTY TO BE SEARCHED

SUBJECT DEVICE A2 is specifically identified as a CD-R80 labeled, in part, AOL SW.FBI.151677, PL.UAT.150307, and produced to the FBI by American Online on or about April 20, 2013, pursuant to a federal search warrant, Case No. SA13-146M, issued on April 15, 2013, and containing information associated with the email account cordie_williams@aol.com.

**ATTACHMENT B2**

I.   **ITEMS TO BE SEIZED**

1.   The items to be seized are all information described in Section II.10.a of the Items to Be Seized of Warrant SA 13-146M that constitutes evidence, contraband, fruits, or instrumentalities of violations of 18 U.S.C. §§ 1029(a)(1)-(5) (access device fraud), 1028A (aggravated identity theft), 1343 (wire fraud), 1030 (computer intrusion), and 371 (conspiracy) occurring after July 7, 2012, namely:

a.   Information relating to who created, accessed, or used the accounts identified as email account cordie_williams@aol.com ("SUBJECT ACCOUNT #3"), including records about their identities and whereabouts.

b.   Records, documents, programs, applications, and materials containing or relating to personal identification information ("PII"), including Social Security numbers, driver's license numbers, personal identification numbers ("PINs"), passwords, mother's maiden names, credit card numbers, card verification value codes, bank account numbers, other financial account numbers, addresses, telephone numbers, dates of birth, and other vital records, for individuals other than Cordie Williams.

c.   Records, documents, programs, applications, and materials relating to carding or the trafficking of credit card numbers.

d.     Records, documents, programs, applications, and materials relating to carding forum members or others engaged in the distribution or use of PII via the Internet.

e.     Records, documents, programs, applications, and materials relating to e-mail accounts used for carding activities.

f.     Records, documents, programs, applications, and materials related to skimming devices.

g.     Records, documents, programs, applications, and materials relating to personal identification numbers ("PINs"), passwords, card verification values ("CVV"), or other security codes or features associated with credit cards or other access devices.

h.     Records, documents, programs, applications, and materials relating to money transfer or payment processing companies, including Paypal.

i.     Records, documents, programs, applications, and materials relating to the transfer, sale, distribution, or use of PII.

j.     Records, documents, programs, applications, and materials relating to payments made or received by any individual involved in the distribution or use of PII.

k.     All user connection logs and transactional information of all activity related to SUBJECT ACCOUNT #3 described above, including but not limited to all log files, dates, times,

durations, data transfer volumes, methods of connection, IP addresses, ports, routing information, dial-ups, and locations.

   1.   All subscriber information pertaining to SUBJECT ACCOUNT #3, including but not limited to the date on which the account was created, the length of service, types of service utilized, account status, account settings, the IP address used to register the account, login IP addresses associated with session dates and times, the subscriber's full names, screen names, other account names or e-mail addresses associated with the account, telephone numbers, physical addresses, and other identifying information regarding the subscriber, as well as means and source of payment, including detailed billing records.

## II.   SEARCH PROCEDURE FOR SUBJECT DEVICE

   2.   In searching the SUBJECT DEVICE or forensic copies thereof, law enforcement personnel executing this search warrant will employ the following procedure:

   a.   Law enforcement personnel or other individuals assisting law enforcement personnel (the "search team") shall complete the search as soon as is practicable but not to exceed 60 days from the date of issuance of the warrant.   If additional time is needed, the government may seek an extension of this time period from the Court on or before the date by which the search was to have been completed.

   b.   The search team will conduct the search only by using

11

search protocols specifically chosen to identify only the specific items to be seized under this warrant. The search team may subject all of the data contained in the SUBJECT DEVICE capable of containing any of the items to be seized to the search protocols to determine whether the SUBJECT DEVICE and any data thereon falls within the list of items to be seized.

c. When searching the SUBJECT DEVICE pursuant to the specific search protocols selected, the search team shall make and retain notes regarding how the search was conducted pursuant to the selected protocols.

d. If the search team, while searching the SUBJECT DEVICE, encounters immediately apparent contraband or other evidence of a crime outside the scope of the items to be seized, the team shall immediately discontinue its search of the SUBJECT DEVICE pending further order of the Court and shall make and retain notes detailing how the contraband or other evidence of a crime was encountered, including how it was immediately apparent contraband or evidence of a crime.

e. If the search determines that the SUBJECT DEVICE does contain data falling within the list of items to be seized, the government may make and retain copies of such data, and may access such data at any time.

3. The special procedures relating to digital devices found in this warrant govern only the search of digital devices pursuant

to the authority conferred by this warrant and do not apply to any search of digital devices pursuant to any other court order.

# A F F I D A V I T

I, Mark Burnett, being duly sworn, hereby state as follows:

1.    I am a Special Agent ("SA") with the Federal Bureau of Investigation ("FBI"), and have been so employed for approximately eight years.  I am currently assigned to an FBI Cybercrime squad, where I specialize in the investigation of computer and high-technology crimes, including computer intrusions, denial of service attacks, and other types of malicious computer activity. During my career as an FBI Special Agent, I have participated in numerous computer crime investigations.  In addition, I have received both formal and informal training from the FBI and other institutions regarding computer-related investigations and computer technology.

2.    I make this affidavit in support of an application for a warrant to search the digital devices described in Attachments A1 through A4 to the search warrant application (collectively referred to as "SUBJECT DEVICES" and individually as SUBJECT DEVICE A1, A2, A3, or A4), specifically:

a.    SUBJECT DEVICE A1 is CD-R labeled, in part, "220753 sellcc_hotandnew_no1@yahoo.com, et al.", and produced to the FBI by Yahoo! ("PROVIDER #1") pursuant to a federal search warrant, Case No. SA12-556M.

1

b.    SUBJECT DEVICE A2 is a CD-R80 labeled in part "AOL SW.FBI.151677, PL.UAT.150307", and produced to the FBI by America Online ("AOL, "PROVIDER #2") pursuant to a federal search warrant, Case No. SA13-146M.

c.    SUBJECT DEVICE A3 is a silver 16 GB Kingston thumb drive DTSE9, produced to the FBI by Google ("PROVIDER #3") pursuant to a federal search warrant, Case No. SA13-145M.

d.    SUBJECT DEVICE A4 is a DVD+R, labeled "m233024", and produced to the FBI by PROVIDER #1 pursuant to a federal search warrant, Case No. SA13-187M.

3.    As discussed below, I respectfully submit there is probable cause to believe that evidence, contraband, fruits, and instrumentalities of violations of 18 U.S.C. §§ 1029(a)(1)-(5) (access device fraud), 1028A (aggravated identity theft), 1343 (wire fraud), 1030 (computer intrusion), and 371 (conspiracy) will be found on the SUBJECT DEVICES, specifically, the items described in Attachment B1 through B4 to the search warrant application. Attachments A1 through A4 and B1 through B4 are incorporated herein by reference.

Background

4.    The FBI obtained each of the SUBJECT DEVICES pursuant to four separate search warrants as described herein and attached hereto.  In each case, FBI agents completed the search of the SUBJECT ACCOUNTS, defined below, as produced by PROVIDERS 1, 2, and 3, on

2

the SUBJECT DEVICES in accordance with the terms of the respective warrants.  FBI Agents identified responsive data within the respective items to be seized on each SUBJECT DEVICE.  However, upon preparing to meet the government's discovery obligations, it was discovered that, while the responsive data had been electronically marked and identified, the segregation of the data was insufficient to allow full, original responsive data to be turned over for discovery on a separate digital device, without also providing original non-responsive data.  These warrants seek authorization to re-search the SUBJECT DEVICES and re-seize responsive items.

The SA12-556M Warrant

    5.  On November 29, 2012, the Honorable Jean P. Rosenbluth, United States Magistrate Judge, issued a federal search warrant, Case No. SA12-556M, pursuant to 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) (the "SA12-556M Warrant"), authorizing the search of information associated with the email accounts identified as moneypak82@yahoo.com and sellcc_hotandnew_no1@yahoo.com (SUBJECT ACCOUNTS #1 and #2, respectively).  The SA12-556M Warrant and its attachments are incorporated herein by reference and attached hereto as Exhibit 1.  The SA12-556M Warrant authorized the seizure of information relating to obtaining and trafficking in stolen credit card data, in relation to violations of 18 U.S.C. §§ 1029(a)(1)-(5) (access device fraud), 1028A (aggravated identity theft), 1343 (wire fraud), 1030 (computer intrusion), and 371 (conspiracy), occurring

after August 1, 2012.

6. On or about November 29, 2012, federal agents executed the SA12-556M Warrant by serving it on PROVIDER #1. On or about January 10, 2013, pursuant to the procedure set forth in the SA12-556M Warrant, PROVIDER #1 provided the FBI with SUBJECT DEVICE A1 containing information associated with SUBJECT ACCOUNTS #1 and #2.

7. Pursuant to the procedures set forth in the SA12-556M Warrant, agents reviewed SUBJECT ACCOUNTS #1 and #2, and identified responsive items, per the items to be seized, within the allotted 60 days. Agents also segregated the responsive items into a non-original format by placing the content of the relevant emails, which consisted mainly of credit card numbers and the associated personally identifiable information ("PII") of the victim cardholders, into a Microsoft Excel spreadsheet for later review. However, upon preparing the evidence for discovery production and introduction at trial, it was discovered that the segregated evidence cannot be viewed in its original format (including all data associated with the responsive email, such as header information, to/from, time and date stamps, etc.), without accessing SUBJECT DEVICE A1 in its entirety. Because SUBJECT DEVICE A1 — the original disc provided by PROVIDER #1 — contains both responsive and non-responsive items, agents cannot gather responsive items without potentially accessing or viewing non-responsive items. A new search warrant is necessary to re-search SUBJECT DEVICE A1 and re-seize

responsive items, in order for the government to be able to meet future discovery obligations and to introduce authenticated evidence at trial.

The SA13-146M Warrant

8.    On April 15, 2013, the Honorable Jean P. Rosenbluth, United States Magistrate Judge, issued a federal search warrant, Case No. SA13-146M, pursuant to 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) (the "SA13-146M" Warrant"), authorizing the search of information associated with the account identified as email account cordie_williams@aol.com (SUBJECT ACCOUNT #3).  The SA13-146M Warrant and its attachments are incorporated herein by reference and attached hereto as Exhibit 2.  The SA13-146M Warrant authorized the seizure of information relating to obtaining and trafficking in stolen credit card data, in relation to violations of 18 U.S.C. §§ 1029(a)(1)-(5) (access device fraud), 1028A (aggravated identity theft), 1343 (wire fraud), 1030 (computer intrusion), and 371 (conspiracy), occurring after July 7, 2012.

9.    On or about April 15, 2013, federal agents executed the SA13-146M Warrant by serving it on PROVIDER #2.  On or about April 20, 2013, pursuant to the procedure set forth in the SA13-146M Warrant, PROVIDER #2 provided the FBI with SUBJECT DEVICE A2 containing information associated with SUBJECT ACCOUNT #3.

10.    Pursuant to the procedures set forth in the SA13-146M Warrant, agents reviewed SUBJECT ACCOUNT #3, and identified

5

responsive items, per the items to be seized, within the allotted 60 days.   Agents identified and marked the responsive items.   Agents again segregated responsive items in a summary format in the manner described above in paragraph 7.   However, upon preparing the evidence for discovery production and introduction at trial, it was discovered that the segregated evidence cannot be viewed in its original format (including all data associated with the responsive email, such as header information, to/from, time and date stamps, etc.), without accessing SUBJECT DEVICE A2 in its entirety.   Because SUBJECT DEVICE A2 — the original disc provided by PROVIDER #2 — contains both responsive and non-responsive items, agents cannot gather responsive items without potentially accessing or viewing non-responsive items.   A new search warrant is necessary to re-search SUBJECT DEVICE A2 and re-seize responsive items, in order for the government to be able to meet future discovery obligations and to introduce authenticated evidence at trial.

The SA13-145M Warrant

11.   On April 15, 2013, the Honorable Jean P. Rosenbluth, United States Magistrate Judge, issued a federal search warrant, Case No. SA13-145M, pursuant to 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) (the "SA13-145M" Warrant"), authorizing the search of information associated with the email accounts identified as makethatgreen@gmail.com, mzjocker@gmail.com, freddyreyes1982@gmail.com, krystaladkins83@gmail.com,

funnpark@gmail.com, andersonc808@gmail.com,

getitinn2010@gmail.com, gooddollaz75@gmail.com,

th3on31@gmail.com, and wst730@gmail.com, (SUBJECT ACCOUNTS #4

through #13, respectively).  The SA13-145M Warrant and its

attachments are incorporated herein by reference and attached hereto

as Exhibit 3.  The SA13-145M Warrant authorized the seizure of

information relating to obtaining and trafficking in stolen credit

card data, in relation to violations of 18 U.S.C. §§ 1029(a)(1)-(5)

(access device fraud), 1028A (aggravated identity theft), 1343 (wire

fraud), 1030 (computer intrusion), and 371 (conspiracy), occurring

after May 1, 2012.

     12.  On or about April 15, 2013, federal agents executed the

SA13-146M Warrant by serving it on PROVIDER #3.  On or about May 21,

2013, pursuant to the procedure set forth in the SA13-145M Warrant,

PROVIDER #3 provided the FBI with SUBJECT DEVICE A3 containing

information associated with SUBJECT ACCOUNTS #4 through #13.

     13.  Pursuant to the procedures set forth in the SA13-145M

Warrant, agents reviewed SUBJECT ACCOUNTS #4 through #13, and

identified responsive data, per the items to be seized, within the

allotted 60 days.  Agents identified and marked the responsive

items.  Agents again segregated responsive items in a summary format

in the manner described above in paragraph 7.  However, upon

preparing the evidence for discovery production and introduction at

trial, it was discovered that the segregated evidence cannot be

viewed in its original format (including all data associated with the responsive email, such as header information, to/from, time and date stamps, etc.), without accessing SUBJECT DEVICE A3 in its entirety.  Because SUBJECT DEVICE A3 — the original disc provided by PROVIDER #3 — contains both responsive and non-responsive items, agents cannot gather responsive items without potentially accessing or viewing non-responsive items.  A new search warrant is necessary to re-search SUBJECT DEVICE A3 and re-seize responsive items, in order for the government to be able to meet future discovery obligations and to introduce authenticated evidence at trial.

The SA 13-187M Warrant

14.  On May 14, 2013, the Honorable Jean P. Rosenbluth, United States Magistrate Judge, issued a federal search warrant, Case No. SA13-187M, pursuant to 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) (the "SA13-187M Warrant"), authorizing the search of information associated with the account identified as email accounts as miskinger@yahoo.com, on.one51@yahoo.com, larryadams408@yahoo.com, moneyteam144@yahoo.com, champbailey115@yahoo.com, ihussle60@yahoo.com, porter.tracy20@yahoo.com, lovebrotha@yahoo.com, joneejones@yahoo.com, mainjonnyfield@yahoo.com, eventsrare@yahoo.com, eventrare@yahoo.com, good.dollaz@yahoo.com, lovebudha166@yahoo.com, advantagecar@yahoo.com (SUBJECT ACCOUNTS #14 through #28, respectively).  The SA13-187M Warrant and its

attachments are incorporated herein by reference and attached hereto as Exhibit 4.  The SA13-187M Warrant authorized the seizure of information relating to obtaining and trafficking in stolen credit card data, in relation to violations of 18 U.S.C. §§ 1029(a)(1)-(5) (access device fraud), 1028A (aggravated identity theft), 1343 (wire fraud), 1030 (computer intrusion), and 371 (conspiracy), occurring after May 1, 2012.

15.  On or about May 14, 2013, federal agents executed the SA13-187M Warrant by serving it on PROVIDER #1.  On or about June 3, 2013, pursuant to the procedure set forth in the SA13-187M Warrant, PROVIDER #1 provided the FBI with SUBJECT DEVICE A4 containing information associated with SUBJECT ACCOUNTS #14 through #28.

16.  Pursuant to the procedures set forth in the SA13-187M Warrant, agents reviewed SUBJECT ACCOUNTS #14 through #28, and identified responsive items, per the items to be seized, within the allotted 60 days.  Agents identified and marked the responsive items.  Agents again segregated responsive items in a summary format in the manner described above in paragraph 7.  However, upon preparing the evidence for discovery production and introduction at trial, it was discovered that the segregated evidence cannot be viewed in its original format (including all data associated with the responsive email, such as header information, to/from, time and date stamps, etc.), without accessing SUBJECT DEVICE A4 in its entirety.  Because SUBJECT DEVICE A4 — the original disc provided

by PROVIDER #1 — contains both responsive and non-responsive items, agents cannot gather responsive items without potentially accessing or viewing non-responsive items.  A new search warrant is necessary to re-search SUBJECT DEVICE A4 and re-seize responsive items, in order for the government to be able to meet future discovery obligations and to introduce authenticated evidence at trial.

17.   I attest that each SUBJECT DEVICE contains evidence of violations of 18 U.S.C. §§ 1029(a)(1)-(5) (access device fraud), 1028A (aggravated identity theft), 1343 (wire fraud), 1030 (computer intrusion), and 371 (conspiracy) and that each SUBJECT DEVICE is currently in the possession of the government, requiring no additional production from the PROVIDERS.

18.   Other than what has been described herein, to my knowledge, the United States has not attempted to obtain this data by other means.

_____
/s/
MARK BURNETT
Special Agent, Federal Bureau of
Investigation

Subscribed and sworn to before me
on June 4, 2014.

ANDREW J. WISTRICH
U.S. MAGISTRATE JUDGE

_____
HONORABLE ANDREW J. WISTRICH
UNITED STATES MAGISTRATE JUDGE

10